FILED

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

00 MAR 20 PM 3:01

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **OPAL JEAN JONES,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | CASE NO. 99-B-1269-S |
| | } | |
| **VALLEN CORPORATION, and** | } | |
| **VALLEN SAFETY SUPPLY** | } | |
| **COMPANY, INC., and RANDY** | } | **ENTERED** |
| **MORROW, an individual,** | } | |
| | } | MAR 2 0 2000 |
| **Defendants.** | } | |

### MEMORANDUM OPINION

On May 19, 1999, plaintiff filed a complaint in this matter against Vallen Corporation, Vallen Safety Supply Company, Inc., and Randy Morrow, her former supervisor with the company. In her complaint, plaintiff alleged the following causes of action: 1) gender discrimination under Title VII of the Civil Rights Act of 1964; 2) violation of the federal Age Discrimination in Employment Act; 3) conspiracy under 42 U.S.C. §1985; 4) violation of the Alabama Age Discrimination in Employment Act; 5) defamation; 6) defamation per se; and 7) Alabama civil conspiracy. Plaintiff seeks compensatory damages, punitive damages, and other relief.

Before the court is defendants' motion to dismiss and to strike certain of plaintiff's claims. Having considered the memoranda and oral arguments of the parties, the court is of the opinion that defendants' Motion is due to be granted in part and denied in part.

16

I. **Defendants' motion to dismiss plaintiff's Alabama ADEA claim is due to be granted.**

The Alabama Age Discrimination in Employment Act mirrors the federal Age Discrimination in Employment Act and provides that the person aggrieved under the state law may pursue his or her remedies under the federal act, or in the alternative, bring a civil action in the circuit court of the county in which the person was employed. The state act further provides:

> However, if an action is brought in the federal court, any action pending in the state court shall be simultaneously dismissed with prejudice. Further, any parties bringing an action under this section shall only be entitled to one recovery of damages . . . any employment practice authorized by the federal Age Discrimination in Employment Act shall also be authorized by this article and the remedies, defenses, and statute of limitations under this article shall be the same as those authorized by the federal Age Discrimination in Employment Act, except that a plaintiff shall not be required to pursue any administrative action or remedy prior to filing suit under this article.

Because the rights, remedies, and proof under the federal and state acts are identical and the state act specifically provides that no double recovery is allowed, plaintiff's state law claims are duplicative, and defendants' motion to dismiss the Alabama ADEA claim is due to be granted. Accordingly, defendants' motion to strike plaintiff's claims for compensatory and punitive damages under that Act is moot.

II. **Defendants' motion to dismiss plaintiff's §1985 and Alabama conspiracy claims is due to be granted.**

Defendants set forth two grounds for dismissing plaintiff's §1985 civil conspiracy claim. First, defendants argue that plaintiff cannot state a claim for conspiracy due to the intra-corporate conspiracy doctrine. Plaintiff's complaint alleges that the defendant corporation conspired with Morrow, plaintiff's supervisor, to discipline plaintiff and to terminate her employment due to a

2

reduction in force.  According to the intracorporate conspiracy doctrine the "acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy.  Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves."  *McAndrew v. Lockheed Martin Corp.*, 2000 WL 256149, at *2 (11th Cir. March 8, 2000).

Like a majority of the other circuits, the Eleventh Circuit has extended the intracorporate conspiracy doctrine to claims arising under § 1985(3).  *See Dickerson v. Alachua County Comm'n*, 200 F.3d 761 (11th Cir. 2000) (holding that intracorporate conspiracy doctrine barred plaintiff's § 1985(3) claim alleging a conspiracy among employees of the same public entity to deprive plaintiff of his civil rights).  Because plaintiff alleges no conspiracy other than an alleged conspiracy between the defendant corporation and Morrow, who acted as the corporation's agent in disciplining and laying off plaintiff, plaintiff essentially alleges that the defendant corporation conspired with itself.  Such an allegation fails to state a claim for conspiracy under 42 U.S.C. §1985(3), and that claim is therefore due to be dismissed.  For the same reason, plaintiff's claim of conspiracy under Alabama law is also due to be dismissed.

Defendants also moved to dismiss plaintiff's §1985 claim on the grounds that an action under that section cannot be used to obtain relief for violations of Title VII and the ADEA.  Section 1985 is a federal civil rights statute which provides relief for a person injured by a conspiracy to deprive him of equal protection of, or equal privileges and immunities under, the laws.  In *Great American Federal Sav. & Loan Assoc. v. Novotny*, 99 S. Ct. 2345 (U.S. 1979), the United States Supreme Court held that deprivation of a right created by Title VII of the Civil

3

Rights of 1964 cannot be used as the basis for a cause of action under 42 U.S.C. §1985. The Supreme Court found that allowing such claims to be brought under §1985 would allow a plaintiff to bypass the administrative process required to pursue a claim under Title VII. The same reasoning applies to ADEA cases, which follow the same administrative process required under Title VII.

The Supreme Court also held in *Novotny* that §1985 creates no substantive rights itself, but is a purely remedial statute, providing a civil cause of action when some otherwise defined federal right to equal protection of the laws or equal privileges and immunities under the law is breached by a conspiracy in the manner defined by the section. Thus, in order to assert a cause of action under §1985, plaintiff would have to show that a defined federal right to equal protection, other than a right created by Title VII or the ADEA, has been breached by a conspiracy as defined by §1985.

Plaintiff argues that she can state a §1985 claim by alleging that defendants violated the equal protection clause of the Fourteenth Amendment to the United States Constitution. Plaintiff's argument is without merit, since the Fourteenth Amendment does not provide a cause of action against private actors, but rather requires action under color of state law. *See American Manufacturers Mut. Ins. Co. v. Sullivan*, 119 S. Ct. 977 (1999); *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1340 (11th Cir. 1999). Plaintiff alleges only that the defendants, all of whom are private parties and not state actors, violated §1985. Therefore, defendants' motion to dismiss plaintiff's §1985 civil conspiracy claim is also due to be dismissed on the grounds that plaintiff cannot state a claim for relief under that Act.

### IV. Defendants' motion is moot as to plaintiff's federal ADEA claim against Morrow.

Because plaintiff has asserted that she does not seek to pursue a claim under the federal ADEA against Randy Morrow, defendants' motion is moot as to that argument.

### V. Defendants' motion to dismiss with regard to Defendant Vallen Corporation is due to be denied.

Plaintiff filed suit against two corporate entities, Vallen Corporation and Vallen Safety Supply Company. Defendants move to dismiss the complaint as to Vallen Corporation because plaintiff was never an employee of that corporation. While defendants may be able to show that Vallen Corporation is not a proper defendant in this action after discovery and/or on summary judgment, dismissal at this stage of the proceedings is not appropriate. Therefore, defendants' motion to dismiss the complaint as to defendant Vallen Corporation is denied.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss and to strike is due to be granted as to plaintiff's Alabama ADEA claim, plaintiff's §1985 conspiracy claim, and plaintiff's Alabama conspiracy claim. Defendants' motion is due to be denied with regard to the motion to dismiss Vallen Corporation as a Defendant.

**DONE** this 20th day of March, 2000.

_Sharon Lovelace Blackburn_
**SHARON LOVELACE BLACKBURN**
United States District Judge